AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
By:  PETER ARONOFF
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2697
Fax: (212) 637-2717
Email: peter.aronoff@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　　　v.<br><br>JULIA SOLOMON,<br><br>　　　　Defendant. | **COMPLAINT**<br><br>20 Civ. 10468 |

1. The United States of America, by its attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York, brings this civil action to collect the unpaid civil penalties assessed against Defendant Julia Solomon ("Solomon") for her failure to report timely her financial interest in foreign bank accounts, as required by the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5314, and its implementing regulations, and to collect all amounts that have accrued and that continue to accrue since the date of assessment, including but not limited to accrued interest on such penalties, late payment penalties, and associated fees. In support, the United States alleges upon information and belief as follows:

## JURISDICTION AND VENUE

2. The United States brings this suit under 31 U.S.C. §§ 5321(b)(2) and 3711(g)(4)(C), at the direction of the Attorney General of the United States and at the request of, and with the authorization of, a delegate of the Secretary of the Treasury of the United States.

3. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of civil penalties.

4. Venue is proper in this district under 28 U.S.C. § 1391(c)(1) because Julia Solomon is a United States citizen who resides in this district in New York, New York.

## REGULATORY BACKGROUND REGARDING THE DUTY TO REPORT RELATIONS WITH FOREIGN FINANCIAL INSTITUTIONS

5. Section 5314(a) of Title 31 provides that the Secretary of the Treasury "shall require" a U.S. citizen or resident to file reports when he or she "makes a transaction or maintains a relation for any person with a foreign financial agency."

6. Although Congress did not define what constitutes a "relation" with a foreign financial agency, the implementing regulations make clear that "relationship" is a U.S. person's "financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country." 31 C.F.R. § 1010.350(a) (2011); *see also* 31 C.F.R. §§103.24 (2009), 103.32 (2009).

7. A report is required for any year in which the aggregate balance for such foreign financial accounts exceeds $10,000. 31 C.F.R. § 1010.350(a) (2011); 31 C.F.R. § 1010.306(c) (2010) (replacing 31 C.F.R. § 103.27 (2009)).

8. Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for violations of the reporting requirements of Section 5314. Specifically, § 5321(a)(5)(B) provides for a penalty of up to $10,000 per violation.

9. For the 2003–2010 years at issue, the relationships were reported on Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR," which was due by June 30 of the following year. 31 U.S.C. § 5314; 31 C.F.R. §§ 1010.350(a), § 1010.306(c).

10. Each foreign financial account must be listed separately on the FBAR, with the limited exception for 25 or more accounts. *See* FBAR, Parts II, IV, available at https://www.irs.gov/pub/irs-pdf/f90221.pdf.

11. The penalty set forth under 31 U.S.C. § 5321(a)(5)(B) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

### JULIA SOLOMON'S FAILURE TO TIMELY REPORT HER RELATIONSHIPS WITH FOREIGN FINANCIAL INSTITUTIONS

12. Julia Solomon was born a United States citizen and lived in the United States during the years at issue, 2003–2010.

13. ABN AMRO is a bank located in the Netherlands.

14. Clariden Leu is a bank located in Switzerland.

15. Between the years 2003 and 2010, Julia Solomon had a financial interest in, or signature authority over, the foreign bank accounts with the maximum balances listed in the table below:

| Year | Bank | Account No. (last 4 digits) | Max. Balance |
|---|---|---|---|
| 2003 | ABN-AMRO | 0005 | $655,584 |
| 2004 | ABN-AMRO | 0005 | $656,121 |
| 2005 | ABN-AMRO | 0005 | $669,446 |
| 2006 | ABN-AMRO | 0005 | $673,444 |
| 2006 | Clariden LEU | 8700 | $427,993 |
| 2006 | Clariden LEU | 8600 | $84,573 |
| 2007 | Clariden LEU | 5212 | $421,522 |
| 2007 | Clariden LEU | 4945 | $3,243,694 |
| 2008 | Clariden LEU | 4945 | $2,450,522 |
| 2009 | Clariden LEU | 4945 | $2,723,423 |
| 2010 | Clariden LEU | 4945 | $3,572,604 |

**COUNT 1**
**Judgment for § 5321 Penalties**

16. Julia Solomon did not report the relationships she had with foreign financial institutions during 2003–2010, by June 30 of the respective following years.

17. In 2012, Julia Solomon late filed FBARs that reported her relationships with foreign financial accounts that are identified in the table following paragraph 15, above.

18. By consent forms dated September 20, 2012, August 4, 2014, April 20, 2016, and February 10, 2017, Solomon consented to extend the statute of limitations for assessing the FBAR penalty for calendar years 2003 through 2010 to December 31, 2018.

4

19. By letter dated November 7, 2018, a delegate of the Secretary of the Treasury proposed the assessment of penalties against Solomon pursuant to 31 U.S.C. § 5321(a)(5)(A) and (B) for her non-willful failure to report her relationships with foreign financial institutions for the years 2003–2010 as follows:

| Year | Number of Relationships | Penalty |
|---|---|---|
| 2003 | 1 | $10,000 |
| 2004 | 1 | $10,000 |
| 2005 | 1 | $10,000 |
| 2006 | 3 | $30,000 |
| 2007 | 2 | $20,000 |
| 2008 | 1 | $10,000 |
| 2009 | 1 | $10,000 |
| 2010 | 1 | $10,000 |
| **Total** | | **$110,000** |

20. On November 18, 2018, Solomon signed an agreement to the assessments—a Form 13449, Agreement to Assessment and Collection of Penalties Under 31 U.S.C. §§ 5321(a)(5) and 5321(a)(6). Her attorney also executed the same agreement on her behalf on November 20, 2018.

21. On December 11, 2018, a delegate of the Secretary of the Treasury assessed against Solomon the penalties described in the table following paragraph 19.

22. By letter dated December 12, 2018, a delegate of the Secretary of the Treasury gave Solomon notice and demand for payment of the subject FBAR penalty assessments for the years 2003–2010. Despite the notice and demand for payment, Solomon has failed to pay the FBAR penalties assessed against her.

23. As of November 6, 2020, Solomon owed the United States $124,682.74 in penalties assessed under 31 U.S.C. § 5321, as well as any penalties, interest and other statutory additions that had accrued to that date, and will continue to accrue, as provided by law.

## RELIEF REQUESTED

The United States of America requests:

A. That the Court enter judgment in favor of the United States against Julia Solomon for the civil penalties assessed against her for violations of 31 U.S.C. § 5314 for the years 2003–2010 plus any penalties, interest and any other statutory additions in the amount of $124,682.74 as of November 6, 2020, plus penalties, interest and any other statutory additions that continue to accrue to the date of payment;

B. That the Court order any other relief that is just and proper.


Dated: December 10, 2020
       New York, New York


                              Respectfully submitted,

                              AUDREY STRAUSS
                              Acting United States Attorney for the
                              Southern District of New York

By:   */s/ Peter Aronoff*
       PETER ARONOFF
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, New York 10007
       Telephone:  (212) 637-2697
       Facsimile:   (212) 637-2717
       E-mail:       peter.aronoff@usdoj.gov